UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY MAKOWITZ,<br><br>Defendant. | Case No. 1:11-cv-00372-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Henry Makowitz's Motion to Expunge and

Seal (Dkt. 61).

Makowitz was convicted in this case in 2003 of unlawful possession of a

firearm by a person adjudicated as a mental defective or committed to a mental

institution, in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2). (Dkt. 48.) He was

sentenced to five years of probation. (*Id*.) He moves to expunge and seal this case

so that he may, as he puts it, pursue his business activities without adverse

interference, regain his Q security clearance, travel internationally with no

restrictions in pursuit of business or pleasure, and hunt and target shoot with

firearms. The Court will deny the motion.

MEMORANDUM DECISION AND ORDER - 1

## ANALYSIS

### A. Request for Expungement

The Ninth Circuit has "recognized two sources of authority by which courts may expunge records of criminal conviction: statutes and our inherent authority." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004).

Makowitz cites no statutory authority for his request that the Court expunge his criminal conviction and the Court has located none. Indeed, there is very limited statutory authority for a federal court to expunge a criminal record and none of those provisions apply here. *See, e.g.*, 28 U.S.C. § 534(a) (requiring Attorney General to "acquire, collect, classify and preserve" criminal identification records); 5 U.S.C. § 552a(d), (g)(1)(C) (allowing claims to amend public records that are inaccurate); 21 U.S.C. § 844a(j) (allowing expungement of civil penalty records in certain drug possession cases); 10 U.S.C. § 1565(e) (requiring the Secretary of Defense to expunge the records of a DNA analysis when a court overturns a military conviction); 18 U.S.C. § 3607(c) (authorizing a federal court to expunge the record of the disposition of a Controlled Substance Act offense when the person received pre-judgment probation, was less than twenty-one years old at the time of the offense, and the person applies for the expungement order); 42 U.S.C. § 14132(d) (permitting the Director of the FBI to expunge DNA records of individuals in certain cases where the convictions were overturned).

Turning to the Court's inherent authority, although "Congress has not expressly granted to the federal courts a general power to expunge criminal records," federal courts have recognized that they have inherent authority "to expunge criminal records in appropriate and extraordinary cases." *Crowell*, 374 F.3d at 793. This authority is not, however, unlimited. District courts "do not have the power 'to expunge a record of a valid arrest and conviction solely for equitable considerations.' " *Crowell*, 374 F.3d at 793 (internal quotation marks omitted) (quoting *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). Instead, a district court's inherent authority (and ancillary jurisdiction) to expunge a criminal conviction " 'is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error.' " *Id.* (quoting *Sumner*, 226 F.3d at 1014).

Here, Makowitz does not contend that his arrest or conviction were unlawful, or that there is a clerical error that needs to be corrected. Instead, he cites only equitable considerations in support of his request for expungement. However, the Court does not have authority to expunge his record based on equitable grounds. *See id.* at 792; *Sumner*, 225 F.3d at 1014.

Makowitz's reliance on *United States v. McKnight*, 33 F. Supp. 3d 577 (D. Md. 2014), in support of his request, is misplaced. Not only is *McKnight* inapposite but it also is not binding on this Court.

In *McKnight*, the defendant sought the expungement of her criminal record, which consisted of an arrest for, and charge of, theft of government property. *Id.* at 579. All

charges were ultimately dismissed after the defendant participated in a pretrial diversion program. *Id.* Thus, the defendant was never convicted of a criminal offense in connection with the arrest and charges. *See id.* at 582. The *McKnight* court found that it possessed ancillary jurisdiction to expunge the defendant's arrest and charge record on equitable grounds. *See id.* at 582-83. In reaching that conclusion, the court specifically noted that all charges against the defendant had been dismissed, and that the court was thus not being asked to expunge a criminal *conviction record*—over which it would *not* have ancillary jurisdiction—but was instead being asked to expunge an *arrest record*, which the court found was "more akin to, for example, modification or revocation of supervised release." *Id.* at 582 (citations omitted).

In contrast to *McKnight*, here Makowitz has been *convicted* of a criminal offense. The Court simply does not have jurisdiction to expunge that conviction on equitable grounds. *Crowell*, 374 F.3d at 793 (District courts "do not have the power 'to expunge a record of a valid arrest and conviction solely for equitable considerations.' ") (quoting *Sumner*, 226 F.3d at 1014).[1] Accordingly, Makowitz's request for expungement will be denied.

---

[1] Makowitz also cites *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), as authority for expunging his criminal conviction. However, as he also acknowledges (*see* Dkt. 61 at 6), the Ninth Circuit has interpreted *Kokkonen* to preclude expungement of criminal convictions solely on equitable grounds, *see Sumner*, 226 F.3d at 1014. ) The Court declines Makowitz's apparent invitation to ignore this binding Ninth Circuit authority.

## B. Request to Seal

"The right of access to criminal trials is generally protected by both the First

Amendment and the common law." *United States v. Carpenter*, 923 F.3d 1172,

1178 (9th Cir. 2019) (citing *United States v. Sleugh*, 896 F.3d 1007, 1013 (9th Cir.

2018)); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

(in the United States, "courts have recognized a 'general right to inspect and copy

public records and documents, including judicial records and documents.' ")

(quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 & n. 7 (1978)). To

overcome the strong presumption in favor of public access to court records, a party

seeking to maintain a judicial record under seal has the burden to show

"compelling reasons supported by specific factual findings" that justify sealing the

records. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009); *see*

*Sleugh*, 896 F.3d at 1013 ("there is 'a strong presumption in favor of access to

court records' "); *Kamakana*, 447 F.3d at 1178. "A party seeking to seal a judicial

record can overcome this presumption only by showing a 'compelling reason' "

why the material should be sealed. *Sleugh*, 896 F.3d at 1013.

> "[C]ompelling reasons" sufficient to outweigh the public's interest in
> disclosure and justify sealing court records exist when such court files
> might have become a vehicle for improper purposes, such as the use
> of records to gratify private spite, promote public scandal, circulate
> libelous statements, or release trade secrets. The mere fact that the
> production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

Here, Makowitz states that the requested relief of sealing (and expungement) would (1) allow him to pursue his three business activities with his three companies with no adverse inference, (2) make it more likely he would be able to regain his Q Security Clearance, (3) allow him to travel internationally with no restrictions in pursuit of his business activities or pleasure, and (4) allow him to seek to have his Second Amendment rights reinstated. (*See* Dkt. 61.) The Court appreciates that Makowitz's business activities include not-for-profits engaging in brain cancer research and energy software development. However, neither these business activities, nor the other reasons put forth by Makowitz, constitute "compelling reasons" sufficient to outweigh the public's interest in disclosure of his criminal conviction, and thus do not justify sealing the court record of his conviction. *See Kamakana*, 447 F.3d at 1179. Moreover, it is the fact of his conviction, and not the public access to the record of that conviction, that appears to be having the negative impacts that Makowitz wishes to avoid.

In sum, the reasons provided by Makowitz do not provide compelling reasons to deny the public right of access to his criminal conviction records. According, the Court will deny the request to seal.

**ORDER**

IT IS ORDERED that Defendant's Motion to Expunge and Seal (Dkt. 61) is

DENIED.

DATED: May 4, 2022

B. Lynn Winmill
U.S. District Court Judge